IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **WILLIE B. GAINES, # 28009** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 3:13cv203-DPJ-FKB** |
| **HINDS COUNTY BOARD OF SUPERVISORS, ROBERT GRAHAM, DOUGLAS ANDERSON, PEGGY CALHOUN, PHIL FISHER, and KENNETH STOKES** | **DEFENDANTS** |

**ORDER DISMISSING GRAHAM, ANDERSON, CALHOUN, FISHER, AND STOKES**

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Willie B. Gaines is incarcerated with the Mississippi Department of Corrections ("MDOC"). He challenges his prior conditions of confinement at the Hinds County Detention Center. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Robert Graham, Douglas Anderson, Peggy Calhoun, Phil Fisher, and Kenneth Stokes are dismissed.

**I.     Background**

Gaines filed this Complaint on April 8, 2013, against Defendant Hinds County Board of Supervisors and the individual board members: Graham, Anderson, Calhoun, Fisher, and Stokes. Gaines is an MDOC inmate who alleges he was temporarily housed at the Hinds County Detention Center on three separate occasions: October 13, 2011, through January 26, 2012; March 2, through April 5; and September 19, through October 19, 2012. Gaines complains about various conditions of confinement during all three stints: *e.g.*, overcrowded holding tank, no mattress, and sleeping on the floor near a leaking toilet. And he alleges that Defendants were

deliberately indifferent to these conditions. In addition, liberally construing the allegations, Gaines claims he was denied mental-health treatment because of an alleged policy of failing to provide access to a mental-health doctor.

With the exception of the failure-to-treat claim, this is not the first time Gaines has brought a lawsuit complaining of these same conditions of confinement at the Hinds County Detention Center. He first raised them on November 28, 2011, in *Gaines v. Rushing*, cause number 3:11cv727-FKB ("*Gaines I*"). *Gaines I* is still pending before Magistrate Judge F. Keith Ball and concerns Gaines's October 23, 2011, through January 26, 2012, and March 2 through April 5, 2012, stays in detention. Next, on April 23, 2012, Gaines filed these same conditions claims in *Gaines v. Ivey*, cause number 3:12cv274-FKB ("*Gaines II*"). That case—now consolidated with *Gaines I*—also concerns Gaines's March through April stint at the facility and remains pending before Judge Ball. Finally, on March 20, 2013, Gaines filed yet another lawsuit, *Gaines v. Hinds County Board of Supervisors*, cause number 3:13cv165-RHW ("*Gaines III*"). *Gaines III* remains pending before Magistrate Judge Robert H. Walker and involves the identical Defendants and terms of incarceration as the instant case. Nineteen days later, Gaines filed this lawsuit.

## II.   Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Gaines to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

The identical conditions claims against the County were pending in *Gaines I* and *Gaines III* when this case was filed. In *Gaines I*, the County was sued through the Sheriff's official capacity. In *Gaines III*, the County was sued through the Board of Supervisors, and Gaines also named the same individual defendants now named in the instant suit.

It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Since the conditions-of-confinement claims were pending when the present action was filed, they are dismissed in this action as malicious. But dismissal is without prejudice to Gaines's right to continue pursuing the claims in the other pending lawsuits, *Gaines I* and *III*. These dismissals count as a strike under 28 U.S.C. § 1915(g).

Since the only claims filed against the individual board members are malicious, the board members are dismissed from this cause of action. But the failure-to-treat claim is new and remains pending against the Hinds County Board of Supervisors.

3

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above the conditions-of-confinement claims and Defendants Robert Graham, Douglas Anderson, Peggy Calhoun, Phil Fisher, and Kenneth Stokes are **DISMISSED WITHOUT PREJUDICE** to Gaines's right to pursue them in the prior pending lawsuits *Gaines v. Rushing*, civil action number 3:11cv727-FKB, and *Gaines v. Hinds County Board of Supervisors*, civil action number 3:13cv165-RHW, and are dismissed **WITH PREJUDICE** in all other respects. These dismissals count as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 15th day of August, 2013.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE