IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE B. GAINES                                                                                       PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:13cv203-FKB

HINDS COUNTY BOARD
OF SUPERVISORS, et al.                                                                          DEFENDANTS

## ORDER

Willie B. Gaines brought this action pursuant to 42 U.S.C. § 1983 alleging that he received inadequate mental health treatment while he was a pretrial detainee at the Hinds County Detention Center (HCDC).  A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned.  Having considered the complaint and Plaintiff's testimony at the hearing, the Court concludes that this action should be dismissed for failure to state a claim.

In or around October of 2012, Plaintiff was transferred from the custody of the Mississippi Department of Corrections (MDOC) to HCDC.  While in the custody of MDOC, he had been treated for depression and bipolar disorder.  Gaines complains that when he arrived at HCDC, he did not see a physician, his medications were distributed by a jail officer, rather than medical personnel, and he was given the wrong medication.  He has alleged no injury resulting from these events.

A pretrial detainee has a due process right to receive reasonable medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).  The right is equivalent to the Eight Amendment right enjoyed by prisoners.  *Id.*  Thus, a pretrial detainee seeking to

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

recover for a denial of reasonable medical care must allege deliberate indifference to serious medical needs.  See *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).   Plaintiff's allegations fall far short of this standard.  He has made no showing of deliberate indifference.

For this reason, Plaintiff's claims are hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate order of dismissal will be entered.

So ordered and adjudged,  this the 11th day of March, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE